IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA J. McCORNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-315-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq.*, Barbara J. McCornell ("McCornell") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.  When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

McCornell, age 56 at the time of the hearing, completed the seventh grade.

McCornell's past work experience includes employment as a general office clerk.[1] She has not engaged in substantial gainful work activity since the alleged onset date of May 12, 2005. McCornell claims she is unable to work because of colitis, ulcer, hypertension, and diabetes.[2] The ALJ found McCornell was severely impaired by colitis and diabetes.[3] The ALJ determined McCornell did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4] The ALJ found McCornell's medically determinable impairments could reasonably be expected to product the alleged symptoms, but her testimony concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.[5] The administrative finding on the credibility issue was made after noting McCornell's activities of daily living were inconsistent with her complaints of disability.[6]

During three successive hospitalizations in May and June of 2005, McCornell was treated for ulcerative colitis and diabetes. Records show a good response to her June, 2005 surgery for colitis, but continued uncontrolled diabetes despite the use of various

---

[1] R. at 375, 377-78, 402.

[2] R. at 67.

[3] R. at 16.

[4] R. at 17.

[5] R. at 19.

[6] R. at 19.

medications.[7]  McCornell testified frequent diarrhea was a side effect of her diabetes medicines, but that her doctors had not prescribed a medication to relieve that condition.[8] McCornell alleged she could not work because she could not maintain her balance, but reported she stopped working after being laid off in 1991.  The physical activities questionnaire reported McCornell could not clean her house as of June, 2005, but the ALJ noted improvement based upon her testimony that she can complete household chores, shop and cook.  McCornell's disability application stated she need the assistance of a walker to maintain balance and walk, but the record shows she obtained the device from her sister and its use was not prescribed.[9]  The record also showed McCornell's rectal bleeding was resolved with improvement in her bowel problems in September, 2006.  As a result of this progress, McCornell's medication levels were also decreased.[10]

The ALJ noted no treating physician has limited McCornell's activities.[11]  A Residual Functional Capacity (RFC) assessment by a state agency physician found McCornell could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; sit about 6 hours in an 8-hour workday; stand and/or walk about 6 hours in an 8-hour workday; and could push and/or pull within the weight limits set out.  Further, McCornell could never

---

[7]R. at 16-17, 19.

[8]R. at 384.

[9]R. at 18, 313.

[10]R. at 19, 364

[11]R. at 19.

climb ladders, ropes, or scaffolds, and should avoid hazardous equipment and unprotected heights.[12] The ALJ found this statement of McCornell's residual functional capacity (RFC) to be the most credible assessment of McCornell's abilities, and gave great weight to the opinion.[13] A vocational expert testified that a person with this RFC could perform McCornell's past work as a general clerk.[14] In addition, the decision noted McCornell's positive response to medication and surgery for her colitis and diabetes. The ALJ found these impairments precluded some types of jobs, but not all work activity.[15] McCornell's ability to perform her past work led the ALJ to conclude she is not disabled under the Act.[16]

### III.   ISSUE

McCornell raises a single issue for judicial review:

Whether the ALJ erred in his evaluation of the medical evidence.

### IV.   DISCUSSION

**The ALJ's RFC Finding is Supported by Substantial Evidence.**

McCornell argues the ALJ committed reversible error when he relied on the RFC statement prepared by a non-examining state agency physician. The Commissioner responds the ALJ's decision was based upon the entire record, and his reliance upon the challenged

---

[12]R. at 308-15.

[13]R. at 19.

[14]R. at 402.

[15]R. at 19.

[16]R. at 36.

RFC assessment was appropriate.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 1999); *Jones, id.* at 1228. McCornell's argument that the lack of another RFC assessment somehow prevents reliance upon the one contained in the record makes no sense when she does not have a credible alternative statement. The ALJ noted that no "treating physician has limited [McCornell's] activities."[17] Lacking some medical opinion of disability, McCornell's effort to prove she is eligible for benefits under the Act becomes futile. The record also shows the assessment by the non-examining physician is consistent with evaluations by examining physicians who have not limited her ability to work. McCornell's citation to *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) as authority for her argument that "the opinions of a non-examining physician cannot alone constitute substantial evidence," is unpersuasive.[18] Immediately prior to the passage cited, the *Spencer* court made clear that opinions from reviewing physicians were accorded little weight "if it is contrary to the opinion of the only physician to examine the patient." *Id.* Here, McCornell cannot identify another RFC statement in conflict with that adopted by the ALJ after a complete review of the medical evidence in her case.

In adopting the RFC assessment, the ALJ's decision contrasted McCornell's claims with the facts of her case. He noted her claim that she could not work because she could not

---

[17] R. at 19.

[18] Pl. Br. at 4.

maintain her balance, when in fact she ceased working after being laid off in 1991. This is a valid factor for consideration in disability determinations. *See* 42 U.S.C. § 423(d)(2)(A) (unemployment for reasons other than the presence of a disabling impairment does not constitute a proper basis for the award of disability benefits; 20 C.F. R. § 404.1566(c) (the inability to work for reasons other than a disabling impairment is not a basis for a disability claim). The ALJ also highlighted McCornell's practice of using a walker even though no physician had prescribed one.

    McCornell also challenges the ALJ's reliance on the RFC assessment because it was completed in July of 2005, less than three months after her alleged onset date of disability. The Commissioner correctly points out that the opinion was based on evidence of McCornell's medical condition during her most problematic months during 2005. Indeed, while the record indicates improvement after summer of 2005, McCornell does not point to any evidence which suggests her conditions worsened after this timeframe. Further, she cites *Lumpkin v. Barnhart*, 485 F.Supp.2d 1270, 1282 (S.D. Ala. 2006) to suggest medical assessments by all non-examining reviewers made less than a year after the onset date are unreliable. Actually, it appears the *Lumpkin* court found greater fault with the ALJ's reliance on the opinions of examining physicians which conflicted with those from long-term treating specialists. The date of an examiner's review was relevant in that case because the claimant's health "declined at a slow, but precipitous rate with clear signs of the inevitable undoing marking the path." *Lumpkin, id*. Here, as pointed out by the Commissioner, McCornell's condition improved after her 2005 hospitalizations and the dicta cited from

*Lumpkin* is inapposite.

The Court finds the ALJ did not err in his reliance upon the RFC assessment prepared by a non-examining state agency physician.  Accordingly, McCornell's claim of error must fail.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 9th day of January, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE